# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 97-50501
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE PANIAGUA, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(P-95-CA-028)

October 5, 1998

Before POLITZ, Chief Judge, JOLLY and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Jose Paniagua, Jr. appeals the denial of his 28 U.S.C. § 2255 motion to

vacate, set aside, or correct sentence. The instant motion was filed prior to the

effective date of the Antiterrorism and Effective Death Penalty Act and no

certificate of appealability is required.[1] The trial court's denial of same is therefore

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] **United States v. Carter**, 117 F.3d 262 (5th Cir. 1997).

harmless error. We have the requisite jurisdiction herein.[2]

Paniagua contends that his firearms conviction cannot be sustained under the "carrying" prong of 18 U.S.C. § 924(c) in light of the ruling by the Supreme Court in **Bailey v. United States**,[3] because the firearm found in his vehicle was not within his immediate reach. This proposition is foreclosed by the subsequent decision by the Supreme Court in **Muscarello v. United States**,[4] holding that the phrase "carries a firearm" in section 924(c) applies "to a person who knowingly possesses and conveys in a vehicle, including in the locked glove compartment or trunk of a car, which the person accompanies" and which is used in connection with the underlying drug offense. The district court's denial of the section 2255 motion is manifestly correct.

AFFIRMED.

---

[2] **United States v. McPhail**, 112 F.3d 197 (5th Cir. 1997).

[3] 516 U.S. 137 (1995).

[4] 118 S.Ct. 1911, 1913-14 (1998).